## Reimel's Estate.

*Wills—Decedents' estates—Mausoleum.*

1. A testator leaving an estate of from $25,000 to $30,000 may direct that his executors shall expend $3500 on a mausoleum.

2. *It seems* that he may direct the expenditure of any amount for such a purpose, if he does not defeat his wife's rights.

3. It does not lie in the mouth of volunteers to complain of such expenditure.

Exceptions to adjudication of Lamorelle, P. J. O. C. Phila. Co., Jan. T., 1928, No. 443.

*Carr & Krauss,* for exceptions.

HENDERSON, J., April 23, 1928.—By his will the testator provided as follows: "I authorize and direct my executors to expend a sum not exceeding thirty-five hundred dollars ($3,500) for the erection of a mausoleum in my lot in Holy Sepulchre Cemetery."

The total estate is between $25,000 and $30,000. The petition for distribution omits all reference to the above-quoted direction.

In his adjudication, the Auditing Judge stated: "Whether or not a mausoleum can be erected for $3500 is not affirmatively shown. The executors are directed to expend a sum up to this amount, but not exceeding it. . . ."

To this exceptions were filed. Counsel contend that the sum designated by the testator is too much, considering the size of the estate, and that a mausoleum cannot be erected for that amount.

As to the first contention, we will quote what Judge Hanna said in this court in Smith's Estate, 181 Pa. 109: "Nor are we aware it has ever been suggested that, in the absence of any express statute, the courts will regulate the amount the testator may direct to be thus expended. We see no reason why he may not bequeath his entire estate for such purposes."

And in Bainbridge's Appeal, 97 Pa. 482, Mr. Justice Mercur said: "May not the testator have said to the appellant as the good man of the house said to the laborer, 'is it not lawful for me to do what I will with mine own?' "

In Shea's Estate, July T., 1913, No. 297, not reported, the testator directed the expenditure of $130,000, about one-third of his estate, for the purpose of a lot and the erection of a mausoleum "to be designed after the Temple of Theseus, in Athens." In sustaining this direction, Judge Dallett, in his adjudication, said: "Every testator has the right to dispose of his estate as he wishes so long as the purposes for which he gives it are lawful. Husband and wife are alone protected from the idiosyncracies of testators."

Reimel's Estate.

It does not lie in the mouths of these volunteers to complain of what the testator had a perfect right to do.

As to the contention that $3500 is not sufficient with which to erect a mausoleum, we think there is some misapprehension. The will does not provide for a *family* mausoleum, but merely a mausoleum.

We find mausoleum defined in the Oxford English Dictionary: 1. A magnificent tomb of Mausolus, King of Caria, erected in the middle of the 4 c. B. C., at Halicarnassus, by his queen Artemisia, and accounted one of the seven wonders of the world. 2. A stately edifice erected as a commemorative burial place for or by some person of distinction. 3. Catafalque. In Webster's International Dictionary: A magnificent tomb or stately sepulchral monument. And in the New Century Dictionary: A magnificent tomb erected at Halicarnassus in Asia Minor for Mausolus, King of Caria, by his Queen Artemisia, about 350 B. C., ranking as one of the seven wonders of the world; hence, any stately edifice erected as a burial place for a person or for the members of a family; a magnificent tomb.

The testator had in mind a magnificent tomb or stately monument, and we believe $3500 will be adequate not only to provide such a monument, but also to set aside a small sum to keep it in repair, for a mausoleum to be stately must be cared for.

As the duty of carrying out this direction of the testator devolves upon the executors, they are directed to select and procure a design for such a monument, specifications, estimates for the erection thereof, and report the sum needed for the erection thereof, and how large a fund can properly be set aside for its upkeep, all within the amount fixed by the will—$3500.

When these directions are complied with, they may petition the Auditing Judge to amend the adjudication to make more definite the award in this regard.

The exceptions are dismissed and the adjudication, as modified herein, is confirmed absolutely.

VAN DUSEN, J., did not sit.